IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SRI INTERNATIONAL, INC., a California Corporation, <br><br> Defendant. | CIVIL ACTION <br><br> No. 1:04-CV-2402-CC <br><br> 05 - 405 |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

INTERNET SECURITY SYSTEMS, INC. ("ISS"), Plaintiff in the above-captioned matter, and SRI INTERNATIONAL, INC. ("SRI"), Defendant in the above-captioned matter, pursuant to Local Rule 16.2, hereby submit this Joint Preliminary Report And Discovery Plan and Proposed Scheduling Order.

1. **Description of Case:**

    (a) Describe briefly the nature of this action:



This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, wherein ISS seeks a declaration that five U.S. Patents owned by SRI are non-infringed and/or invalid.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

SRI is an independent, not-for profit research institute that owns five U.S. patents relating to network intrusion detection and prevention technology: (i) U.S. Patent No. 6,321,338 ("the '338 patent"); (ii) U.S. Patent No. 6,484,203 ("the '203 patent"); (iii) U.S. Patent No. 6,704,874 ("the '874 patent"); (iv) U.S. Patent No. 6,708,212 ("the '212 patent"); and (v) U.S. Patent No. 6,711,615 ("the '615 patent"). SRI contends that ISS manufactures products which infringe several of these patents.

ISS manufactures and sells a variety of network security products, including the Proventia™, RealSecure®, and SiteProtector™ products. ISS seeks a declaration that its Proventia, RealSecure, and SiteProtector products do not infringe any valid claim of any of the five SRI patents. ISS also seeks a declaration that the SRI patents are invalid.

In its motion to dismiss filed pursuant to Rule 12(b)(1), SRI asserts that no jurisdiction exists to support this action for declaratory relief because at the time this action was filed, SRI had not placed ISS in reasonable apprehension of being

sued for patent infringement. SRI also contends that even if jurisdiction over this action exists, the court should in its discretion choose not to exercise such jurisdiction. The motion is fully briefed and ripe for decision.

 (c) The legal issues to be tried are as follows:

  1. Whether ISS has infringed the '338 patent;

  2. Whether the '338 patent is invalid;

  3. Whether ISS has infringed the '203 patent;

  4. Whether the '203 patent is invalid;

  5. Whether ISS has infringed the '874 patent;

  6. Whether the '874 patent is invalid;

  7. Whether ISS has infringed the '212 patent;

  8. Whether the '212 patent is invalid;

  9. Whether ISS has infringed the '615 patent; and

  10. Whether the '615 patent is invalid.

In the event that SRI's motion to dismiss is denied, and SRI responds by answer and counterclaim, additional legal issues will include willfulness and damages. By joining in this statement, neither party waives its right to argue the legal or factual insufficiency of any of these asserted legal issues.

(d) The cases listed below (include both style and action number) are:

1. Pending Related Cases:

   *SRI International, Inc. v. Internet Security Systems, Inc. and Symantec Corporation*, No. 04-1199, D. Del., filed August 26, 2004.

2. Previously Adjudicated Related Cases:

   None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | |
|---|---|
| ___ | (1) Unusually large number of parties |
| ___ | (2) Unusually large number of claims or defenses |
| ___ | (3) Factual issues are exceptionally complex |
| ___ | (4) Greater than normal volume of evidence |
| ___ | (5) Extended discovery period is needed |
| ___ | (6) Problems locating or preserving evidence |
| ___ | (7) Pending parallel investigations or action by government |
| _X_ | (8) Multiple use of experts |
| ___ | (9) Need for discovery outside United States boundaries |
| _X_ | (10) Existence of highly technical issues and proof |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:   Holmes J. Hawkins III, King & Spalding LLP

Defendant:   John L. North, Sutherland, Asbill & Brennan, LLP

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_X_ Yes    ___ No

4

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately by claim(s) on which the objection is based. Each objection should be supported by authority. See Attachment A hereto.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

N/A

(b) The following persons are improperly joined as parties:

N/A

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

N/A

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

N/A

(b) Amendments to the pleadings submitted later than THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits on some motions. These times are restricted below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1(A)(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

In light of SRI's pending motion to dismiss under Fed.R.Civ.P. 12(b)(1), the parties stipulate and agree that the time period for filing and serving initial disclosures shall be extended through and including thirty (30) days after SRI serves its answer to the complaint, and that the disclosures required by the Patent Local Rules shall be calculated from the date SRI serves its answer to the complaint.

9.  **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before the expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The following is a non-exhaustive list of the issues on which the parties anticipate that discovery will be needed:

1.  The proper construction of the relevant claims in the patents-in-suit;
2.  The operation and functionality of ISS's Proventia, RealSecure, and SiteProtector products;
3.  Infringement by such products of the patents-in-suit;
4.  Invalidity of the patents-in-suit; and
5.  Damages issues, including but not limited to identification of a reasonable royalty and willfulness.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery

should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

    The parties will make every effort to complete discovery within the 8-month discovery period, but because of the complexity of the case more time may be needed. The parties will advise the Court if it is anticipated that additional time for discovery is necessary.

**11.  Discovery Limitation:**

    What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court, and what other limitations should be imposed.

    In the event that the Court denies SRI's pending motion to dismiss, the parties shall meet and confer within thirty (30) days after the Court's order to discuss supplementing and amending this discovery plan.

**12.  Other Orders:**

    What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

    In the event that SRI's motion to dismiss is denied, the parties intend to meet and confer within thirty (30) days of the service of SRI's answer to prepare a consent confidentiality/protective order.

**13.  Settlement Potential:**

    (a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 20, 2004, and that

they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Holmes J. Hawkins III (signature): *Holmes J. Hawkins III / w/cp NHM*

Other participants: Natasha H. Moffitt

For defendant: John L. North (signature): *John L. North / w/cp. NHM*

Other participants: Ann G. Fort

(b) All parties were promptly informed of all offers of settlement and following discussion by counsel, it appears that there is now:

(\_\_\_) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(\_\_\_) A possibility of settlement, but a conference with the judge is needed.
(\_\_\_) No possibility of settlement.

(c) Counsel ( X ) do or (\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not yet been determined.

(d) The following specific problems have created a hindrance to settlement of this case.
N/A

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (\_\_\_) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_ day of _____, 2004.

9

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

[SIGNATURES ON THE FOLLOWING PAGE]

Respectfully submitted, this 20th day of October, 2004.

| KING & SPALDING LLP | SUTHERLAND, ASBILL & BRENNAN LLP |
|---|---|
| *Natasha Moffitt* (signature) | *Ann G. Fort / w/ep NHM* (signature) |
| Holmes J. Hawkins III | John L. North |
| (Ga. Bar No. 338681) | (Ga. Bar No. 545580) |
| Natasha H. Moffitt | Ann G. Fort |
| (Ga. Bar No. 367468) | (Ga. Bar No. 269995) |
| 191 Peachtree Street | 999 Peachtree Street, N.E. |
| Atlanta, Georgia 30303-1763 | Atlanta, Georgia 30309 |
| Tel: (404) 572-4600 | Tel: (404) 853-8000 |
| Fax: (404) 572-5145 | Fax: (404 853-8806 |
| | |
| Attorneys for Plaintiff | OF COUNSEL: |
| Internet Security Systems, Inc. | Frank E. Scherkenbach* |
| | Fish & Richardson PC |
| | 225 Franklin Street |
| | Boston, Massachusetts 02110-2804 |
| | Tel: (617) 521-7883 |
| | Fax: (617) 542-8906 |
| | *pro hac vice to be submitted |
| | |
| | Howard G. Pollack |
| | (Cal. Bar No. 162897) |
| | Michael J. Corley |
| | (Cal. Bar No. 230343) |
| | Fish & Richardson PC |
| | 500 Arguello Street, Suite 500 |
| | Redwood City, California 94063 |
| | Tel: (650) 839-5070 |
| | Fax: (650) 839-5071 |
| | |
| | Attorneys for Defendant |
| | SRI International, Inc. |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PROPOSED SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____
_____

_____

IT IS SO ORDERED, this_____ day of _____, 2004.


_____
United States District Judge

## ATTACHMENT A

**STATEMENT OF SRI'S JURISDICTIONAL OBJECTIONS**

In its motion to dismiss filed pursuant to Rule 12(b)(1), SRI asserts that no jurisdiction exists to support this action for declaratory relief because at the time this action was filed, SRI had not placed ISS in reasonable apprehension of being sued for patent infringement. SRI also contends that even if jurisdiction over this action exists, the court should in its discretion choose not to exercise such jurisdiction. The motion is fully briefed and ripe for decision.

All of the authority cited by SRI in support of its arguments is contained in the supporting brief and reply brief it filed with this Court on September 20, 2004 and October 18, 2004. Representative authority includes the following:

**Authority establishing lack of declaratory judgment jurisdiction**

Arrowhead Industrial Water, Inc. v. Ecolochem, Inc., 846 F.2d at 731, 734-35 (Fed. Cir. 1988); EMC Corp. v. Norand Corp., 89 F.3d 807 (Fed. Cir. 1996); Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc., 363 F.3d 1361, 1372 (Fed. Cir. 2004).

**Authority for declining exercise of declaratory judgment jurisdiction**

Wilton v. Seven Falls Co., 515 U.S. 277 (1995); Charles Machine Works, Inc. v. Digital Control, Inc., 264 F. Supp. 2d 980 (W.D. Okla. 2003).

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Joint Preliminary Report and Discovery Plan upon Defendant by causing a true and correct copy thereof to be served by electronic mail and to be deposited with the United States Postal Service as first class mail, postage prepaid, in an envelope addressed to Defendant's counsel of record as follows:

> John L. North
> Ann G. Fort
> Sutherland, Asbill & Brennan, LLP
> 999 Peachtree Street, N.E.
> Atlanta, Georgia 30309
> Email: john.north@sablaw.com
>        ann.fort@sablaw.com
>
> Frank E. Scherkenbach
> Fish & Richardson PC
> 225 Franklin Street
> Boston, Massachusetts 02110-2804
> Email: scherkenback@fr.com
>
> Howard G. Pollack
> Michael T. Corley
> Fish & Richardson PC
> 500 Arguello Street, Suite 500
> Redwood City, California 94063
> Email: pollack@fr.com
>        corley@fr.com

This 20th day of October, 2004.

_____
Natasha H. Moffitt