IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



INTERNET SECURITY SYSTEMS, INC.,
a Delaware Corporation,

    Plaintiff,

v.

SRI INTERNATIONAL, INC., a California
Corporation,

    Defendant.

Civil Action No. 1:04-CV-2402-CC

0 5 -   4 0 5

## NOTICE OF ORDER IN RELATED CASE

Declaratory Judgment Defendant SRI International, Inc. ("SRI") would like to bring to the Court's immediate attention a Memorandum Opinion (attached as Exhibit A) and Order (attached as Exhibit B) both issued by the District Court for the District of Delaware on April 13, 2005, concerning the patents-in-suit in this action.

SRI filed suit in the District of Delaware on August 26, 2004, accusing Internet Security Systems, Inc. ("ISS") and another party, Symantec Corporation ("Symantec"), of patent infringement. Symantec and ISS both moved to sever and

17

transfer SRI's claims. ISS also moved to dismiss SRI's Delaware action in favor of the instant improperly and prematurely filed Georgia declaratory judgment action.[1]

The Delaware court's Order denies ISS and Symantec's motions to sever and transfer as well as ISS's motion to dismiss, concluding that SRI's patent infringement claims will be heard in Delaware. In denying ISS and Symantec's motions to sever and transfer, the Delaware court pointed out that both ISS and Symantec have asserted invalidity defenses against SRI's patents. [Exh. A, pg. 9.] The Delaware court observed that ISS and Symantec's invalidity defenses will require that the court determine the dates of conception and reduction to practice of the inventions described in SRI patents, and determine the relevance of prior art and the level of ordinary skill in the art. Id. The Delaware Court noted, "[i]t would be an inefficient use of judicial resources for this court to perform all of these tasks twice, once for ISS-DE and once for Symantec." Id.

Although the Delaware court drew a distinction between ISS-DE, ISS's Delaware incorporated entity, and ISS-GA, ISS's Georgia incorporated entity[2], SRI submits that it would be an inefficient use of judicial resources to allow ISS's

---

[1] SRI filed its motion to dismiss ISS's declaratory judgment action on September 20, 2004, and briefing was completed on October 18, 2004.
[2] ISS-GA is the Plaintiff in the instant declaratory judgment action.

declaratory action proceed against SRI in Georgia while allowing identical issues to be determined in an action between SRI and ISS-DE in Delaware. In order to conserve judicial resources and minimize the risk of inconsistent results, SRI plans to add ISS-GA to the Delaware action.[3]

Given that all of the substantive issues of the instant matter will be determined by the Delaware court, it would be an unconscionable waste of judicial resources and the resources of the parties to allow the instant action to proceed. As SRI sets forth in its pending motion to dismiss, the instant declaratory judgment action was prematurely filed in the interests of improper forum shopping and to gain an unfair tactical advantage over SRI during licensing negotiations. The Delaware court's willingness to determine the entirety of the dispute between SRI and ISS provides another compelling reason to grant SRI's motion. In the interests of judicial economy and to avoid inconsistent results, SRI's pending motion to dismiss should be granted.

---

[3] In the Delaware action, SRI has accused ISS of infringing two of its patents related to network intrusion detection and prevention. ISS is seeking declaratory judgment of invalidity for five SRI patents in the Georgia action. SRI expects that when ISS answers SRI's Delaware complaint, ISS will counterclaim seeking a declaratory judgment of invalidity of the same patents named in ISS's Georgia complaint. Accordingly, SRI believes that once ISS answers SRI's Delaware complaint, the issues before the Delaware court with be identical to those before this Court.

Dated: April 15, 2005

                            By: s/Ann G. Fort
                                John L. North (GA Bar No. 545580)
                                An G. Fort (GA Bar No. 269995)
                                Sutherland Asbill & Brennan LLP
                                999 Peachtree Street, N.E.
                                Atlanta, Georgia 30309-3996
                                Telephone: (404) 853-8000
                                Facsimile: (404) 853-8806

                                Howard G. Pollack
                                  (CA Bar No. 162897)
                                Michael J. Curley
                                  (CA Bar No. 230343)
                                500 Arguello Street, Suite 500
                                Redwood City, California 94063
                                Telephone: (650) 839-5070
                                Facsimile: (650) 839-5071

                              Attorneys for Defendant
                              SRI INTERNATIONAL, INC.

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel hereby certifies that the foregoing **NOTICE OF ORDER IN RELATED CASE** complies with the font and point selections approved by the Court in LR 5.1B. The foregoing Memorandum was prepared on a computer using the Times New Roman font (14 point).

s/Ann G. Fort<br>
ANN G. FORT

## CERTIFICATE OF SERVICE

I, hereby certify that on April 15, 2005, I electronically filed **NOTICE OF ORDER IN RELATED CASE** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>Holmes J. Hawkins, III
>Natasha Horne Moffitt
>King & Spalding LLP
>191 Peachtree Street N.E.
>Atlanta, GA  30303-1763
>
>Attorneys for Plaintiff
>Internet Security Systems, Inc.

>s/Ann G. Fort
>ANN G. FORT

2

EXHIBIT A

# Exhibit A