IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNET SECURITY SYSTEMS, INC., a Delaware corporation, and SYMANTEC CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 04-1199-SLR |

**PLAINTIFF SRI INTERNATIONAL, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND ITS COMPLAINT TO ADD DEFENDANT INTERNET SECURITY SYSTEMS, INC., A GEORGIA CORPORATION**

Dated: August 26, 2005

FISH & RICHARDSON P.C.

Timothy Devlin (#4241)
919 N. Market St., Ste. 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Howard G. Pollack (CA Bar No. 162897)
Michael J. Curley (CA Bar No. 230343)
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
SRI INTERNATIONAL, INC.

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDING..................................................................1

SUMMARY OF THE ARGUMENT ..................................................................................1

FACTS .................................................................................................................................2

ARGUMENT........................................................................................................................2

    I      LEAVE TO AMEND SHOULD BE FREELY GIVEN ABSENT SOME COMPELLING COUNTERVAILING FACTOR...............................................................................................2

    II     LEAVE TO ADD ISS-GA SHOULD BE GRANTED IN THE INTERESTS OF JUSTICE..........................................................3

    III.    DUE TO THE NASCENT STAGE OF THESE PROCEEDINGS NO COUNTERVAILING FACTORS OVERRIDE THE LIBERAL POLICY THAT FAVORS GRANTING SRI LEAVE TO AMEND ITS COMPLAINT ...............................................................................4

CONCLUSION.....................................................................................................................5

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Alvin v. Suzuki,*
       227 F.3d 107 (3rd Cir. 2000) ...................................................................................3

*Foman v. Davis,*
       371 U.S. 178 (1962) ................................................................................................3

*Sullivan v. Stein, No. Civ.3:03CV1203 (MRK),*
       2005 WL. 465425 (D. Conn. 2005) ........................................................................3

**RULES**

Fed. R. Civ. P. 21 ..................................................................................................................2

## NATURE AND STAGE OF THE PROCEEDING

SRI filed the Complaint in this action on August 26, 2004 accusing defendants Symantec Corporation and Internet Security Systems, Inc., of Delaware ("ISS-DE") of patent infringement. [D.I. 1]. On October 15, 2004 ISS-DE filed a motion to dismiss, or in the alternative, to sever and transfer SRI's claims against ISS-DE to the Northern District of Georgia. [D.I. 10]. In that motion, ISS-DE asserted that it was not a proper party because the accused products were manufactured by its subsidiary, Internet Security Systems, Inc. of Georgia ("ISS-GA"). [D.I. 12 at 1]. On August 17, 2004, ISS-GA filed a premature declaratory judgment against SRI in the Northern District of Georgia. SRI's motion to dismiss that action is currently under submission. On October 15, 2004 Symantec answered SRI's complaint, filed counterclaims seeking declaratory judgment of non-infringement and invalidity as to four SRI patents, and filed a motion to sever SRI's claims against it and transfer them to the Northern District of California. [D.I. 13-14]. This Court denied Symantec and ISS-DE's motions on April 13, 2005. [D.I. 32]. By way of this motion, SRI seeks to add ISS-GA as a named defendant.

## SUMMARY OF THE ARGUMENT

The law of the Supreme Court and the Third Circuit is clear. A motion to add a party to a complaint should be granted absent a compelling countervailing reason such as prejudice, undue delay, bad faith or futility. In this case, ISS-DE has asserted that ISS-GA manufactures the accused products. That fact alone dictates that in the interests of justice ISS-GA should be brought into this litigation. Additionally, the inclusion of ISS-GA in this action will further the interests of judicial economy since the relationship between ISS-GA and ISS-DE is central to SRI's claims against ISS-DE. While the interests of justice militate in favor of SRI's motion to add ISS-GA, no countervailing factors such as undue delay or prejudice militate against adding ISS-GA given the early stages of this litigation.

1

## FACTS

Founded in 1946, SRI is an independent, not-for-profit research institute. SRI is the assignee of several patents related to computer network security, including patents describing methods and devices for network intrusion detection and prevention. Based on publicly available documents, SRI concluded that ISS-DE is a Delaware corporation that is headquartered in Atlanta, Georgia, and that is engaged in the manufacture, sale and marketing of products that infringe several of SRI's network security patents. [D.I. 1]. However, ISS-DE claims to be a holding company that has no employees and produces no products. [D.I. 12 at 1.] According to ISS-DE, a subsidiary corporation (ISS-GA) that occupies the same physical location as ISS-DE is the operational entity that ought to be the target of SRI's infringement suit. [Id.]. In light of this representation, and in the interests of justice and judicial economy, SRI hereby seeks to add ISS-GA as a named defendant to this action.[1]

## ARGUMENT

### I. LEAVE TO AMEND SHOULD BE FREELY GIVEN ABSENT SOME COMPELLING COUNTERVAILING FACTOR.

Fed. R. Civ. P. 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Joinder of additional parties under Rule 21 of the Federal Rules

---

[1] By bringing this motion, SRI does not concede that "ISS-DE" and "ISS-GA" are, in fact, separate and distinct corporate entities or that one, rather than the other, is responsible for the acts alleged in SRI's complaint. Rather, in an attempt to make such matters less relevant and to get on with the purpose of SRI's complaint, i.e. seeking redress for infringement by "ISS", SRI seeks leave to add ISS-GA by name to this dispute.

of Civil Procedure is governed by the same standard of liberality afforded to motions to amend pleadings under Rule 15. Sullivan v. Stein, No. Civ.3:03CV1203 (MRK), 2005 WL 465425 at *1 (D. Conn. 2005). "In the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment," leave to amend is to be given freely and is entrusted to the discretion of the court. Foman v. Davis, 371 U.S. 178, 182 (1962). Absent a clear reason such as delay, bad faith, or prejudice, it is an abuse of discretion for a district court to deny leave to amend. Alvin v. Suzuki, 227 F.3d 107, 121 (3rd Cir. 2000).

## II. LEAVE TO ADD ISS-GA SHOULD BE GRANTED IN THE INTERESTS OF JUSTICE.

ISS-DE asserts that the products accused of infringement in SRI's Complaint are manufactured by ISS-GA. [D.I. 12 at 1]. Accordingly, the interests of justice require that ISS-GA be added to this action. Additionally, in the declaratory judgment action filed by ISS-GA in Georgia, ISS-GA alleged the invalidity of five SRI patents that SRI expects ISS-DE to allege in counterclaims in this action. Since ISS-DE and ISS-GA, which share the same corporate headquarters, will undoubtedly rely on the same prior art to try to prove their invalidity contentions, the interests of judicial economy favor adding ISS-GA to this action so that the entire dispute between SRI and the ISS entities can be resolved in a single forum.

The addition of ISS-GA to this suit is also necessary to allow SRI to effectively proceed against ISS-DE. As the Court noted in its April 13, 2005 Opinion denying ISS-DE's Motion to Dismiss, a central issue in this litigation is the extent of ISS-DE's control over the accused activities of ISS-GA. [D.I. 32 at 7]. As explained in the Court's Order, even if ISS-GA is the true operational entity that manufactures and sells the accused products, ISS-DE would nonetheless be liable for ISS-GA's activities if ISS-DE was

3

ISS-GA's alter ego, or if ISS-DE directed ISS-GA's activities. [Id.]. To adequately explore the relationship between ISS-DE and ISS-GA, SRI will likely have to conduct discovery of both entities. This discovery would be exceedingly burdensome if not impossible without use of the full range of discovery tools available for use against named parties. Accordingly, the interests of justice require that ISS-GA be added as a named defendant in this action.

### III. DUE TO THE NASCENT STAGE OF THESE PROCEEDINGS NO COUNTERVAILING FACTORS OVERRIDE THE LIBERAL POLICY THAT FAVORS GRANTING SRI LEAVE TO AMEND ITS COMPLAINT

This litigation is still in its very early stages. As of the filing of this motion, SRI has yet to receive ISS-DE's answer to SRI's original complaint. None of the parties have engaged in any discovery. Given the lack of substantive litigation to date, none of the defendants can seriously claim that they would be prejudiced by adding ISS-GA to this action. Nor has any substantive litigation occurred in the matter pending in the District of Georgia, as the Georgia court has not yet ruled on SRI's pending motion to dismiss that action for lack of subject-matter jurisdiction because ISS-GA lacked reasonable apprehension of being sued.

Additionally, SRI's motion to add ISS-GA to this action is timely filed. SRI first learned about the alleged division of corporate responsibilities between ISS-DE and ISS-GA on October 15, 2004 when ISS-DE filed its motion to dismiss. Amending the complaint prior to this Court's ruling on ISS-DE's motion to dismiss would have simply invited another motion to dismiss by ISS-DE, which would have unnecessarily delayed the progress of this case.

## CONCLUSION

ISS-DE has asserted that ISS-GA manufactures the products accused of infringement by SRI. For this reason alone, SRI's motion to add ISS-GA to this action should be granted in the interests of justice. Moreover, given the nascent stage of this litigation, no countervailing factors outweigh the liberal policy favoring granting SRI leave to amend its complaint to add ISS-GA. Accordingly, SRI's motion for leave to amend should be granted.

Dated: April 25, 2005         FISH & RICHARDSON P.C.

By: /s/ Timothy Devlin
    Timothy Devlin (#4241)
    919 N. Market St., Ste. 1100
    P.O. Box 1114
    Wilmington, DE 19889-1114
    Telephone: (302) 652-5070
    Facsimile: (302) 652-0607

    Howard G. Pollack (CA Bar No. 162897)
    Michael J. Curley (CA Bar No. 230343)
    500 Arguello Street, Suite 500
    Redwood City, California 94063
    Telephone: (650) 839-5070
    Facsimile: (650) 839-5071

Attorneys for Plaintiff
SRI INTERNATIONAL, INC.

50273761.doc

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard K. Herrmann, Esq.<br>Morris James Hitchens & Williams<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS, INC. |

I hereby certify that on April 25, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Paul S. Grewal<br>Day Casebeer Madrid & Batchelder, LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, California 95014 | Attorney for Defendant<br>SYMANTEC CORPORATION |
| Holmes Hawkins, III<br>King & Spalding<br>191 Peachtree Street, N.E.<br>Atlanta, GA 30303-1763 | Attorneys for Defendant<br>INTERNET SECURITY SYSTEMS, INC. |

/s/ Timothy Devlin
Timothy Devlin

5027376l.doc