**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

AUG 17 2004

LUTHER D. THOMAS, Clerk
By: _____
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SRI INTERNATIONAL, a California Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION FILE NO.: **1 04 CV 2402**<br>)<br>)<br>)                                                                **-CC**<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

INTERNET SECURITY SYSTEMS, INC. ("ISS"), plaintiff in the above-captioned action, for its Complaint against defendant SRI INTERNATIONAL ("SRI"), alleges as follows:

### JURISDICTION AND VENUE

1.  This is an action for declaratory relief under the patent laws of the United States. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

FORMS RECEIVED
Consent To US Mag. ___
Pretrial Instructions ___
Title VII NTC ___

## THE PARTIES

3.  ISS is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

4.  Upon information and belief, SRI is a non-profit research corporation organized and existing under the laws of the State of California, with its principal place of business in Menlo Park, California. Upon information and belief, SRI is authorized to do or transact business in Georgia, SRI has one or more offices in Georgia, and SRI has a registered agent in the Northern District of Georgia.

## THE CONTROVERSY

5.  SRI claims to be the owner, by assignment, of U.S. Patent No. 6,321,338 B1 ("the '338 Patent"), entitled "Network Surveillance," which issued on November 20, 2001. The '338 Patent names Phillip A. Porras and Alfonso Valdes as the inventors. A true and correct copy of the '338 Patent is attached hereto as Exhibit A.

6.  SRI claims to be the owner, by assignment, of U.S. Patent No. 6,484,203 B1 ("the '203 Patent"), entitled "Hierarchical Event Monitoring and Analysis," which issued on November 19, 2002. The '203 Patent names Phillip Andrew Porras and Alfonso Valdes as the inventors. The '203 Patent is a continuation of the patent application that matured into the '338 Patent. A true and

correct copy of the '203 Patent is attached hereto as Exhibit B.

7.   SRI claims to be the owner, by assignment, of U.S. Patent No. 6,704,874 B1 ("the '874 Patent"), entitled "Network-Based Alert Management," which issued on March 9, 2004. The '874 Patent names Phillip Andrew Porras and Martin Wayne Fong as the inventors. The '874 Patent is a continuation-in-part of the patent application that matured into the '338 Patent. A true and correct copy of the '874 Patent is attached hereto as Exhibit C.

8.   SRI claims to be the owner, by assignment, of U.S. Patent No. 6,711,615 B2 ("the '615 Patent"), entitled "Network Surveillance," which issued on March 23, 2004. The '615 Patent names Phillip Andrew Porras and Alfonso Valdes as the inventors. The '615 Patent is a continuation of the patent application that matured into the '203 Patent, which is a continuation of the patent application that matured into the '338 Patent. A true and correct copy of the '615 Patent is attached hereto as Exhibit D.

9.   SRI claims to be the owner, by assignment, of U.S. Patent No. 6,708,212 B2 ("the '212 Patent"), entitled "Network Surveillance," which issued on March 16, 2004. The '212 Patent names Phillip Andrew Porras and Alfonso Valdes as the inventors. The '212 Patent is a continuation of the patent application that matured into the '615 Patent, which is a continuation of the patent application

that matured into the '203 Patent, which is a continuation of the patent application that matured into the '338 Patent. A true and correct copy of the '212 Patent is attached hereto as Exhibit E. The '338 Patent, the '203 Patent, the '874 Patent, the '615 Patent, and the '212 Patent are hereinafter sometimes jointly referred to as the "patents-in-suit."

10.    ISS performs research and provides products and services in the network security technology field. ISS offers a wide range of security products, including intrusion detection and intrusion prevention systems, integrated security appliances, web filtering and mail security systems, desktop and server protection products, vulnerability assessment products, and security management systems. ISS's systems and products use technology and processes that are proprietary to ISS.

11.    On or about March 31, 2004, SRI contacted ISS by letter, informing ISS that SRI has five issued patents and several other pending applications in the network-based intrusion detection and prevention area, enclosing the five issued patents, and stating that "SRI believes that a significant number of network-based security products, both software and appliances, infringe multiple claims of SRI's patents." SRI further informed ISS that it believes that SRI's patents are "relevant" to ISS's products, including ISS's PROVENTIA and REALSECURE

security products. The March 31, 2004 letter from SRI to ISS is attached hereto as Exhibit F.

12.  Since SRI first contacted ISS in March 2004, representatives of ISS and SRI have communicated on several occasions by telephone and in writing, and on at least one occasion in-person, concerning the patents-in-suit. During a telephone conference on or about July 2, 2004 between ISS and SRI, SRI accused ISS of infringing one or more claims of the patents-in-suit. During this discussion and in subsequent conversations, SRI expressed its willingness to enforce its patents against ISS.

13.  As a result of SRI's continued assertions that ISS infringes one or more claims of the patents-in-suit, ISS has a reasonable apprehension that SRI will initiate suit if ISS continues marketing and selling its network security products and services.

14.  ISS's network security products and services, including ISS's PROVENTIA A-Series, G-Series, and M-Series appliances, and ISS's REALSECURE, SITEPROTECTOR, and SITEPROTECTOR SECURITYFUSION products, and the technology and processes employed therein, have not infringed and do not infringe, either directly or indirectly, any valid claim of the patents-in-suit.

15.    An actual and justiciable controversy exists between the parties regarding such infringement and/or validity of the patents-in-suit. ISS therefore seeks a judicial determination that the patents-in-suit have not been infringed and are not infringed by the manufacture, use, sale, offering for sale, and/or importing of ISS's network security products and services, including ISS's PROVENTIA A-Series, G-Series, and M-Series appliances, and ISS's REALSECURE, SITEPROTECTOR, and SITEPROTECTOR SECURITYFUSION products, and that in any event one or more claims of the patents-in-suit are invalid.

## CLAIM FOR RELIEF

16.    ISS incorporates herein by reference Paragraphs 1 through 15 above.

17.    An actual controversy has arisen and now exists between the parties with respect to the alleged infringement and validity of the '338, '203, '874, '615, and '212 Patents. ISS contends that its products and services, including ISS's PROVENTIA A-Series, G-Series, and M-Series appliances, and ISS's REALSECURE, SITEPROTECTOR, and SITEPROTECTOR SECURITYFUSION products, and the technology and processes employed therein, have not infringed and do not infringe, either directly or indirectly, any valid claim of the patents-in-suit. ISS further contends that the patents-in-suit are invalid for failure to meet one or more of the conditions of patentability specified

in 35 U.S.C. §§ 101, 102, 103 and/or 112. Upon information and belief, SRI disputes these contentions.

18.   Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the infringement and validity of the patents-in-suit is necessary and appropriate under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, ISS prays for relief as follows:

A.    For a judicial declaration that ISS's products and services, including ISS's PROVENTIA A-Series, G-Series, and M-Series appliances, and ISS's REALSECURE, SITEPROTECTOR, and SITEPROTECTOR SECURITYFUSION products, and the technology and processes employed therein, have not infringed and do not infringe, either directly or indirectly, any valid claim of U.S. Patent No. 6,321,338 B1, U.S. Patent No. 6,484,203 B1, U.S. Patent No. 6,704,874 B1, U.S. Patent No. 6,711,615 B2, and U.S. Patent No. 6,708,212 B2;

B.    For a judicial declaration that the claims of U.S. Patent No. 6,321,338 B1, U.S. Patent No. 6,484,203 B1, U.S. Patent No. 6,704,874 B1, U.S. Patent No. 6,711,615 B2, and U.S. Patent No. 6,708,212 B2 are invalid;

C.    For an order awarding ISS its costs, expenses, and reasonable

attorneys' fees as provided by law; and

    D.    For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 17th day of August, 2004.

                          KING & SPALDING LLP

                          _____
                          Holmes J. Hawkins III
                            (Ga. Bar No. 338681)
                          Natasha H. Moffitt
                            (Ga. Bar No. 367468)
                          191 Peachtree Street
                          Atlanta, Georgia 30303-1763
                          Ph:   (404) 572-4600
                          Fax:  (404) 572-5100

                          Attorneys for Plaintiff
                          INTERNET SECURITY SYSTEMS, INC.