IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNET SECURITY SYSTEMS, INC., a Georgia Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SRI INTERNATIONAL, INC., a California Corporation,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:04-CV-2402-CC |

## ORDER

Plaintiff Internet Security Systems, Inc ("ISS-GA") filed the instant declaratory action against SRI International, Inc. ("SRI") on August 17, 2004. The Complaint seeks a declaration that ISS-GA's products do not infringe five patents owned by SRI. Nine days later, on August 26, 2004, SRI filed a complaint against ISS-GA's Delaware parent company, ISS-DE, in the U.S. District Court for the District of Delaware alleging that ISS-DE is infringing two of the five patents that are at issue in the case at bar ("the Delaware Action").[1]

On October 15, 2004, ISS-DE filed a motion to dismiss or, in the alternative, to sever and transfer the Delaware Action to this Court. On April 13, 2005, the Delaware Court denied ISS-DE's motion to dismiss without prejudice and denied the motion to sever and transfer. Thereafter, on April 25, 2005, SRI filed an amended complaint in the Delaware Action to add ISS-GA as a defendant. The amended complaint alleges that ISS-GA is infringing upon the same two patents that are

---

[1] The Delaware Action is styled as *SRI International, Inc. v. Internet Security Systems, Inc, a Delaware Corporation, and Symantec Corp.*, Civ. No. 04-1199-SLR. Symantec Corporation is an unrelated third party.

asserted against ISS-DE in the Delaware Action.

On May 23, 2005, ISS-GA filed an answer and counterclaims in the Delaware Action. The counterclaims include an action for declaratory judgment of invalidity and non-infringement of the same five patents involved in the declaratory judgment action pending in this Court.

In light of the procedural history set forth above, the Court finds that a transfer of this action to the District of Delaware will promote the most efficient and expeditious utilization of judicial resources by preventing duplicative actions in multiple forums. Accordingly, pursuant to 28 U.S.C. § 1404(a), as well as the request and consent of the parties, this action is hereby TRANSFERRED to the United States District Court for the District of Delaware. The Clerk of Court is DIRECTED to take all steps necessary to effectuate said transfer.

Defendant's Motion to Dismiss [5-1] is DENIED as moot. The Clerk shall CLOSE this case.

SO ORDERED this 9th day of June, 2005.

*s/ CLARENCE COOPER*

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE